1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DELTHENIA BELL, *et al.*,                    Case No.  2:20-cv-02539-TLN-JDP (PS)

12                       Plaintiffs,              FINDINGS AND RECOMMENDATIONS
                                                  THAT DEFENDANTS' MOTION TO
13        v.                                      DISMISS BE GRANTED IN PART AND
                                                  DENIED IN PART
14   HOUSING AUTHORITY OF
     SACRAMENTO, *et al.*,                        ECF No. 24
15
                         Defendants.              OBJECTIONS DUE WITHIN 14 DAYS
16

17

18        Plaintiffs seek to bring suit for denial of down payment assistance, their landlord's failure

19   to repair air conditioning, and denial of due process while seeking to extend a Family Self-

20   Sufficiency ("FSS") contract.  ECF No. 16.  Defendants move to dismiss for failure to state a

21   claim.  ECF No. 24.  I recommend that defendants' motion be granted in part and denied in part.

22        I first address certain preliminary matters.  Defendants ask the court to take judicial notice

23   of the Homebuyer Program information on the Sacramento Housing and Redevelopment Agency

24   website.  Plaintiffs' complaint both discusses the information provided on that website and

25   attaches some materials from it.  On a motion to dismiss for failure to state a claim, a court "may

26   take into account documents whose contents are alleged in a complaint and whose authenticity no

27   party questions, but which are not physically attached to the [plaintiffs'] pleading" and may "treat

28   such a document as part of the complaint, and . . . assume that its contents are true for purposes of

                                                  1

1    a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nevada, NA.*, 691 F.3d 1152,

2    1160 (9th Cir. 2012).  In deciding this motion to dismiss, I will consider as part of the complaint

3    the website material attached to defendants' first request for judicial notice.  ECF No. 24-1.

4           Defendants also request judicial notice of HUD's implementation guidance on housing

5    quality standards.  ECF No. 35.  Judicial notice can be taken of facts that are "generally known"

6    and "can be accurately and readily determined."  Fed. R. Evid. 201.  Agency regulations or

7    interpretations are sometimes subject to judicial notice of the facts therein as a matter of public

8    record.  *See, e.g.*, *Citizens for a Better Env't-Cal. v. Union Oil Co.*, 861 F. Supp. 889, 897 (N.D.

9    Cal. 1994); *but see Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 542 (N.D. Cal. 2012)

10   (refusing to take judicial notice of correspondences from the FDA regarding the fact of whether

11   certain ingredients are natural because it is "central to the reasonable dispute between the

12   parties").  Here, the implementation guidance lists the types of conditions that are considered life-

13   threatening ("LT"), meaning that the units cannot be rented as part of the low-income housing

14   program if those conditions are present.  If those LT conditions are not present, then the unit may

15   still be rented under the program with a provision that non-LT conditions of disrepair must still be

16   fixed within 30 days.  Plaintiffs do not object to judicial notice of this document, although they

17   dispute defendants' assertion that their specific broken air conditioner was not an LT condition—

18   a topic beyond the scope of the guidance.  Since the facts in the implementation guidance are not

19   disputed, I will take judicial notice of this document.

20          Finally, after the parties fully briefed this motion, plaintiffs filed an unauthorized sur-

21   reply.  ECF No. 40.  Given the liberal standards afforded to pro se litigants and the new material

22   in the reply, including the implementation guidance discussed above, I will consider plaintiffs'

23   filing on this motion to dismiss.

24                                **Statement of Alleged Facts**

25          Plaintiff Delthenia Bell has lived with and cared for her developmentally disabled adult

26   son, plaintiff Maurice Massey, since at least 2008.  *See* ECF No. 16 at 4.  Plaintiffs have resided

27   together in rental housing with financial assistance through the HCV program, also known as

28   section 8.  *See id.* at 2, 31, 35.  For part of that time, Bell's daughter also resided with them.  *Id.* at

61.  Between 2016 and 2019, there were periods during the summers when plaintiffs' air conditioner did not work.  *Id.* at 26-27, 31-37.  Plaintiffs' landlord, Bettye Greer, paid for some air conditioning repairs but refused others and tried to get plaintiffs to take responsibility for maintaining the system.  *See id.* at 31-37.  Plaintiff Bell reported her landlord to defendant SHRA, but it refused to intervene, suggesting that Bell should either move or direct her grievances to her landlord.  *Id.* at 28, 40, 45.  The broken air conditioner caused Massey to be hospitalized and to arrange for alternative accommodations when the residence got too hot.  *Id.* at 5.

Plaintiffs' air conditioner stopped working again on May 18, 2019, and Greer refused to repair it.  On June 18, 2019, Bell provided SHRA with Massey's doctor's opinion that living there without a working air conditioner was "an unhealthy condition."  *Id.* at 47.  Bell demanded an inspection.  *Id.*  SHRA inspected the air conditioner on June 24, 2019.  *Id.* at 52.  SHRA gave Greer 30 days to repair it, despite Bell's protest that plaintiffs would suffer further injury with such a long delay.  *Id.* at 53.  Bell notified defendants of plaintiffs' claims against them for the delay and of defendants' refusal to enforce housing quality standards; SHRA rejected the claim as a matter between plaintiffs and their landlord.  *Id.* at 20-29.

Bell was a participant in the Family Self-Sufficiency Program ("FSS") established to coordinate assistance for families under section 8 and to "enable eligible families to achieve economic independence and self-sufficiency."  42 U.S.C. § 1437u(a).  Bell's five-year FSS contract expired on February 28, 2020.  ECF No. 16 at 86.  She sought an extension because she could not "function properly" during the summers when the air conditioner was broken, suffering problems with sleep, work, and homework.  *Id.* at 87.  Bell's daughter also moved out of the residence because of the conditions, causing Bell's income qualifications to change.  *Id.*  On July 15, 2020, SHRA denied Bell's extension request because all FSS goals had been met and Bell was eligible to graduate.  *Id.* at 88.  Bell was neither given a hearing form with her denial letter nor allowed a hearing regarding her FSS contract extension denial.  *Id.* at 4, 9.

Bell also sought down payment assistance in 2020 through the Cal Home First-Time Homebuyer Mortgage Assistance program so that she could purchase a home instead of continuing to rent from Greer, *id.* at 60-67, but she was told that she did not meet the program's

1    income requirements, *see id.* at 75.  She notified defendants of her claims regarding denial, but

2    defendants informed her that they did not make any determinations regarding down payment

3    assistance and suggested that Bell might follow up directly where she applied.  *Id.* at 68.

4    Although defendants do not administer the program, they do provide contact information for the

5    approved lenders who administer it.  ECF No. 24-1 at 7-10.

6                                            **Legal Standard**

7            "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable

8    legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v.*

9    *Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  Rule 8 of the Federal Rules of Civil Procedure

10   requires a complaint to contain "a short and plain statement of the claim showing that the pleader

11   is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must

12   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

13   face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

14   544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that

15   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16   alleged."  *Iqbal*, 556 U.S. at 678.

17           In assessing the sufficiency of the pleadings, "courts must consider the complaint in its

18   entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions

19   to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

20   which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

21   308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and

22   construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media*

23   *Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that

24   a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

25   conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

26   conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "While legal conclusions can

27   provide the complaint's framework, they must be supported by factual allegations."  *Id.* at 679.

28   Those facts must be sufficient to push the claims "across the line from conceivable to plausible."

                                                     4

1   *Id.* at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim

2   is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and

3   citation omitted).

4          Where a plaintiff appears without counsel in a civil rights case, the court must construe

5   the pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v. Los*

6   *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is

7   "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

8   1992).  In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply

9   essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of*

10  *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

11                                          **Discussion**

12         Plaintiffs' claims revolve around three distinct factual issues: the broken air conditioner;

13  the refusal of down payment assistance because of income; and the refusal of an extension on

14  Bell's FSS contract.  Plaintiffs bring claims through section 1983 for violation of federal law as

15  well as under supplemental jurisdiction for violations of state tort law related to their lack of air

16  conditioning.  Section 1983 allows a private citizen to sue for the deprivation of a right secured

17  by federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).

18  To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state

19  law caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Soo*

20  *Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).

21         To bring state tort claims against public entity defendants under the California Tort

22  Claims Act, Cal. Gov't Code § 810, *et seq.*, plaintiffs must present those claims to the public

23  entities before commencing suit.  *See* Cal. Gov't Code §§ 945.4, 950.2; *Portnoy v. Cty. of Yolo*,

24  613 F. App'x 586, 587 (9th Cir. 2015) (affirming the dismissal of state law claims for failure to

25  comply with the California Tort Claims Act).  Claims "relating to a cause of action for death or

26  injury to person or to personal property" must be presented within six months of claim accrual.

27  Cal. Gov't Code § 911.2(a).  "California law holds that the limitations period begins once the

28  plaintiff has notice or information of circumstances to put a reasonable person on inquiry."

1   *Harlow v. Cty. of Riverside*, 295 F. App'x 252, 254 (9th Cir. 2008) (internal citations, quotation

2   marks, and emphasis omitted).

3   *Air Conditioning*

4        HUD prescribes certain housing quality standards ("HQS") for all section 8 housing.  42

5   U.S.C. § 1437f(o)(8); 24 C.F.R. § 982.401.  As to temperature, housing "must have and be

6   capable of maintaining a thermal environment healthy for the human body."  24 C.F.R.

7   § 982.401(e)(1).  There must be a safe system for heating and cooling, where applicable, that

8   assures "a healthy living environment appropriate to the climate."  § 982.401(e)(2).  If the owner

9   of section 8 housing fails to maintain the unit in compliance with HQS, the local public housing

10   agency ("PHA") is obligated to "take prompt and vigorous action to enforce the owner

11   obligations."  24 C.F.R. § 982.404(a)(2).

12        Plaintiffs assert that SHRA did not provide prompt and vigorous action to enforce owner

13   obligations, injuring their health and costing them time and money to make repairs, find other

14   accommodations, and seek medical treatment.  SHRA argues that the air conditioning problem

15   was not life threatening and that, in any case, when the agency acted in 2019 to have the air

16   conditioner repaired, that action constituted prompt and vigorous enforcement.  Plaintiffs claim

17   that the temperature in the rental property was so hazardous that they had to seek medical

18   treatment.  Plaintiffs allege that they were forced to make repairs, to deduct the costs from their

19   rent, and even to vacate the property when the air conditioner stopped working for prolonged

20   periods.  They allege that this happened every summer until SHRA finally intervened.  Given the

21   liberal pleading standard afforded pro se litigants and the burden on defendants at this stage, I

22   find that plaintiffs' federal claims regarding noncompliance with HQS thermal conditions at their

23   residence should not be dismissed.

24        Plaintiffs also seek to bring state tort claims related to defendants' failure to ensure a

25   working air conditioner at their residence.  Defendants argue that plaintiffs failed to provide a

26   timely notice of claims under the California Tort Claims Act.  Plaintiffs provided notice of their

27   state claims more than six months after accrual, *see* ECF No. 16 at 20, 24, which is outside the

28

1  statutory deadline, Cal. Gov't Code § 911.2.  However, plaintiffs' notices were filed within one

2  year of accrual and included requests to permit late notice.  ECF No. 16 at 20, 24.

3          Under state law, a governmental entity can allow a late claim if the request for

4  consideration is within one year and the proposed claim is attached to the request.  Cal. Gov't

5  Code § 911.4.  If the entity does not want to consider the late claim, it must reject that claim as

6  untimely and not consider the merits.  § 911.3; *Rason v. Santa Barbara City Hous. Auth.*, 201

7  Cal. App. 3d 817, 830 (1988) ("The purpose of the section 911.3 notice is to assure that the

8  claimant distinguishes between a claim rejected on its merits and one returned as untimely.").

9  Here, from the records attached to the complaint, it appears that, citing the Covid-19 pandemic,

10  plaintiffs sought permission to file untimely claims after six months had passed.  *See* ECF No. 16

11  at 20, 24.  SHRA then processed their claims and decided them on the merits.  ECF No. 16 at 28.

12  The record contains no notice under section 911.3 that the claims would not be considered

13  because they were untimely, and defendants do not argue that SHRA issued such notice.  *See*

14  *Jones v. Kern High Sch. Dist.*, No. CV-F-07-1628 OWW/TAG, 2008 U.S. Dist. LEXIS 74040, at

15  *28-30 (E.D. Cal. Aug. 13, 2008) (finding that the defendant waived any defense as to the time

16  limit for presenting a claim by failing to serve notice as to untimeliness and deciding the claim on

17  the merits instead of returning it as untimely).  Thus, at this stage, construing all inferences in

18  favor of the nonmoving party, it is not appropriate to dismiss plaintiffs' state law claims as

19  untimely.

20                          ***Down Payment Assistance***

21          According to the website referenced in the complaint and the complaint itself, defendants

22  were not responsible for deciding whether Bell would qualify for down payment assistance.

23  Further, Bell alleges that she did not meet the income criteria, which is a valid reason to deny

24  program assistance.  *See Curry v. Vancouver Hous. Auth.*, 753 F. App'x 499, 499 (9th Cir. 2019).

25  Plaintiffs fail to state any claim against defendants regarding the denial of down payment

26  assistance, and such claims should be dismissed without leave to amend.[1]

27  ───────────────

28          [1] *See Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009) (no abuse of discretion
in denying leave to amend where the amendment would be futile).

***FSS Contract***

Plaintiffs assert due process violations related to SHRA's denial of Bell's request for an extension of her FSS Contract. "It is well settled that a person can have a property interest in continuing to receive government benefits." *K.W. v. Armstrong*, 789 F.3d 962, 972 (9th Cir. 2015). This property interest is "grounded in the statute defining eligibility" for the beneficiaries. *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) (internal citation and quotation marks omitted). Before beneficiaries can be deprived of their rights, "due process requires an adequate hearing." *Goldberg v. Kelly*, 397 U.S. 254, 261 (1970). "The hearing must be at a meaningful time and in a meaningful manner. In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination [of benefits.]" *Id.* at 267-68 (internal citation and quotation marks omitted).

Defendants provide scant support for their request that the court dismiss plaintiffs' due process claims. They assert that plaintiffs do not allege that Bell satisfied the FSS contract—and in fact that plaintiffs concede that Bell did not complete the contract's requirements, ECF No. 24 at 11—but this is not what plaintiffs allege. A careful reading of the operative complaint shows that Bell requested an extension in March 2020 and that the extension request was both processed and denied by SHRA. ECF No. 16 at 86-89. The reason SHRA denied Bell's extension was that she completed the requirements of the FSS contract and was eligible to graduate. *Id.* at 88. Defendants' argument to the contrary is unbelievable because it contradicts both the complaint and SHRA's own documented decision on the matter. Defendants also fail to address the elements of due process claims. Without any other asserted basis for dismissal of plaintiffs' due process claims related to the termination of Bells' FSS contract, I will recommend that defendants' motion to dismiss be denied as to these claims.

## Conclusion

I hereby recommend that defendants' motion to dismiss, ECF No. 24, be granted in part, as to plaintiffs' down payment assistance-related claims, and denied in part, as to all other claims.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

Eastern District of California.  Within 14 days of the service of the findings and

recommendations, any party may file written objections to the findings and recommendations

with the court and serve a copy on all parties.  That document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  The district judge will review the findings

and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    February 25, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE