UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTHENIA BELL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HOUSING AUTHORITY OF SACRAMENTO, *et al.*, <br><br> Defendants. | Case No.  2:20-cv-02539-TLN-JDP (PS) <br><br> ORDER DIRECTING DEFENDANTS' COUNSEL TO FILE A FORMAL NOTICE OF PLAINTIFF DELTHENIA BELL'S DEATH AND TO SERVE THAT NOTICE ON HER REPRESENTATIVE OR SUCCESSOR |

Plaintiff Delthenia Bell, proceeding pro se, commenced this action against defendants Sacramento Housing and Redevelopment Agency, Housing Authority of the City of Sacramento, and Housing Authority of the County of Sacramento, alleging various federal and state law claims based on defendants' refusal to extend her Family Self-Sufficiency Program contract and to provide down payment assistance.[1]  ECF No. 16.  The court was recently notified that Ms. Bell passed away in December 2021.

---

[1] The second amended complaint purports to assert claims on behalf of Maurice Massey, Ms. Bell's adult child. ECF No. 16. Although prior court orders may have suggested that Mr. Massey was a plaintiff to this case, further review of the record reflects that Ms. Bell is the sole plaintiff. Mr. Massey did not sign the second amended complaint and has not otherwise appeared. Furthermore, because Ms. Bell was not an attorney, she could not assert claims on Mr. Massey's behalf.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a non-attorney appearing pro se "has no authority to appear as an attorney for others

1

Federal Rule of Civil Procedure 25 establishes the process for moving forward after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). If the descent's successor or representative do not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*. Under California law—which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983—a cause of action against a person is generally not extinguished by that person's death. Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S. 584, 590 (1978).

The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*, defendants have some obligation to identify the plaintiff's representative or successor and to serve the notice of death on that party. *See Gilmore v. Lockard*, 936 F.3d 857, 865-68 (9th Cir. 2019).

Defendants will be ordered to provide the court with a formal notice of plaintiff's death and to serve that notice on plaintiff's representative or successor. If defendants are unable to identify plaintiff's representative or successor, they shall file a notice with the court explaining the steps that they have taken to locate plaintiff's representative or successor. *See Gruenberg v. Maricopa County Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253 (D. Ariz. May 7, 2008) (dismissing an action without prejudice after the plaintiff died and the defendants could not locate a successor). The court will also vacate the scheduling conference

---

than himself."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997).

currently set for April 28, 2022.  *See* ECF No. 42.

      Accordingly, it is hereby ORDERED that:

      1. Within fourteen days of the date of this order, defendants shall file with the court a formal notice of plaintiff's death.

      2. Within thirty days of the date of this order, defendants shall either:

          a. serve that notice on plaintiff's personal representative or successor in interest; or

          b. notify the court that plaintiff's representative or successor could not be located and explain the steps defendants have taken to locate plaintiff's representative or successor.

      3. This action is stayed for 120 days to allow defendants to comply with this order and afford plaintiff's representative or successor an opportunity to file a motion for substitution.

      4. The April 28, 2022, pretrial scheduling conference is vacated.

IT IS SO ORDERED.

Dated:  April 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3