1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DELTHENIA BELL, *et al.*,                Case No.  2:20-cv-02539-TLN-JDP (PS)

12              Plaintiffs,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATION
14   HOUSING AUTHORITY OF
     SACRAMENTO, *et al.*,
15
                Defendants.
16

17

18          In December 2021, plaintiff Delthenia Bell, who filed this case pro se, passed away.  On

19   April 22, 2022, I ordered defendants to file a formal notice of plaintiff's death and to serve that

20   notice on her representative or successor.[1]  ECF No. 45; *see* Fed. R. Civ. P. 25.  I stayed this

21   matter for 120 days to afford plaintiff's representative or successor an opportunity to a file a

22   motion for substitution.  ECF No. 45 at 3.  Defendants now move to dismiss this case, ECF

23   No. 49, and I recommend that their motion be granted.

24          Under Rule 25(a)(1), a party must formally suggest the death of the party upon the record

25   and serve the nonparty representatives of the deceased party with the suggestion of death in the

26   _____

27          [1] As explained in my April 22, 2022 order, the operative complaint purports to assert
     claims on behalf of Maurice Massey, plaintiff's son.  Mr. Massey did not sign the complaint, and
     plaintiff, who was not an attorney, was not permitted to assert claims on her son's behalf.  *See*
28   ECF No. 45 at 1 n.1.  Accordingly, Mr. Massey is not a plaintiff in this action.

                                                 1

manner provided in Federal Rule of Civil Procedure 4. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The objective of "Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008). If the descent's successor or representative do not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a).

Defendants have satisfied both requirements under Rule 25. On May 4, 2022, they filed a formal notice of plaintiff's death, ECF No. 47, and on August 11, 2022, they personally served plaintiff's representative or successor, Dineen Johnson, with a copy of the notice and the court's April 22 order, ECF No. 49-5 at 5. More than ninety days have passed since Ms. Johnson was served, and she has not filed a motion for substitution in accordance with Rule 25(a)(1).[2] Consequently, dismissal is appropriate at this time. *See Gardner v. CSP-LAC*, No. CV-20-7519-VBF (AGR), 2023 WL 2412776, at *2 (C.D. Cal. Mar. 7, 2023) (dismissing an action after no motion for substitution was filed within ninety days of service on the decedent's representative in accordance with Rule 25).

It is hereby ORDERED that the Clerk of Court is directed to serve a copy of these findings and recommendations on Ms. Johnson at the following address:


Dineen Johnson
4920 North Parkway
Sacramento, CA 95823

---

[2] Ms. Johnson has filed two letters explaining that she is plaintiff's sister and is handling plaintiff's affairs. ECF Nos. 46 & 52. Neither letter suggests that Ms. Johnson intends to move for substitution or otherwise participate in this case. Nevertheless, out of an abundance of caution, I will direct the Clerk of Court to serve Ms. Johnson with a copy of this findings and recommendations.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 49, be granted.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __July 21, 2023__                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE